UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARMAINE L. MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-15696 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Charmaine L. Marshall ("Plaintiff") filed her Complaint against City of Chicago and Tamra Mahal alleging race, color, and sex discrimination in violation of Title VII of the Civil Rights Act of 1954, age discrimination in violation of the Age Discrimination in Employment Act, and breach of contract. The Court *sua sponte* dismissed Tamra Mahal ("Mahal") from the lawsuit, finding that Mahal, as Plaintiff's supervisor, was not considered an "employer" under the federal statutes. Before the Court is Defendant City of Chicago's motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file a response to the motion to dismiss. The Court heard from both parties at oral argument on March 21, 2025. While the Court commends Plaintiff's presentation, it was not enough to support her claims. For the following reasons, the Court grants Defendant City of Chicago's motion to dismiss with prejudice [20].

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving Defendant City of Chicago's motion to dismiss. This Court will construe Plaintiff's Complaint liberally as a *pro se* litigant. *See Taylor v. JPMorgan Chase Bank, N.A.,* 958 F.3d 556, 562 (7th Cir. 2020).

1

At all relevant times, Plaintiff worked as an employee for Sunbelt Staffing, LLC ("Sunbelt"). Through Sunbelt, Plaintiff was contracted out to the City of Chicago ("Defendant") to work as a Project Manager from February 14, 2022 to February 18, 2023. While working as a Project Manager, Plaintiff alleges that she was discriminated against, and eventually terminated from her employment, based on her race, color, sex, and age. Specifically, Plaintiff alleges that Mahal made a comment directed toward Plaintiff, stating "y'all are prehistoric" during a June 17, 2022 meeting. Plaintiff also alleges that Mahal would refer to African American males in leadership positions as "boys." Plaintiff lastly contends that Mahal engaged in a pattern of discrimination as she also terminated two female African American employees over the age of 40 and an investigative report into Mahal's qualifications unveiled a pending lawsuit against Mahal for age and race discrimination. Plaintiff also claims that she was discriminated against in the form of unfair assignments. Plaintiff's Complaint meticulously outlines a situation where she was not given adequate time or resources to complete an assignment in support of her claims.

On or about June 20, 2022, Plaintiff was notified that her employment with Defendant was terminated. When she asked for the basis of the termination, Sunbelt told Plaintiff that Mahal gave a "very vague" reason. Plaintiff also alleges that Defendant wrongfully breached her contract when her employment was terminated.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights, alleging age, race, and sex discrimination. She received the EEOC Right to Sue letter on August 7, 2023, and filed the pending lawsuit on November 6, 2023.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir.

2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

    **I.**    **Title VII and ADEA Claims**

Defendant contends that Plaintiff's Title VII and ADEA claims must be dismissed because Defendant was not Plaintiff's employer. During oral argument, Plaintiff did not address Defendant's argument. Rather, she reiterated the claims set forth in her Complaint and provided explanation for failure to file a written response to Defendant's motion.

To bring either a Title VII or ADEA claim, a plaintiff must prove the existence of an employer-employee relationship. *See Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991); *see also Hayden v. La-Z-Boy Chair Co.*, 9 F.3d 617, 622 (7th Cir. 1993) (applying same standard to ADEA claims). In determining the working relationship, the *Knight* test considers the following non-exclusive factors:

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Knight,* 950 F.3d at 378-79. The Seventh Circuit has employed the *Knight* test under similar facts as set forth in Plaintiff's Complaint, namely where plaintiff is an independent contractor working for defendant. *See Love,* 779 F.3d at 702.

Plaintiff does not allege sufficient facts to show that Defendant acted as her employer. The first factor, the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, favors the conclusion that Plaintiff was an independent contractor as Sunbelt controlled Plaintiff's schedule. Specifically, Sunbelt and Plaintiff entered into an Assignment Confirmation contract whereby Plaintiff was assigned to work for Defendant for 40 hours a week, between 9 am – 5 pm from Monday to Friday. The second factor requires the Court to look at the occupation and nature of the skills required for the position, including whether those skills were obtained in the workplace. Plaintiff admitted that the position required her to have a special certification at oral argument. As this was a requirement for the position, Plaintiff was required to have this skillset prior to starting the job. Defendant did not provide Plaintiff with this certification, nor does the Complaint allege that Defendant provided Plaintiff with any skill needed for the position. This also suggest that Defendant was not Plaintiff's employer. Although there are not enough facts for the Court to make a determination as to the third factor, the fourth factor, method and form of payment and benefits, also weighs in favor of finding that Defendant was not Plaintiff's employer as Sunbelt controlled Plaintiff's hourly wage, payment period, and overtime pay. The last factor, length of job commitment and expectations, also weighs in favor of finding that Defendant was not Plaintiff's employer. Plaintiff was aware of the temporary nature of the job as the Assignment Confirmation contract outlined the work period from February 14, 2022 to February 18, 2023.

While the Court acknowledges that the statements directed toward Plaintiff can cause pain, especially in light of the state of the political world today, not every phrase is one that meets the legal standard for discrimination. Accordingly, the Court finds that Plaintiff and Defendant were not in an

employer-employee relationship as Defendant was not considered an employer under Title VII or the ADEA. Therefore, Plaintiff's claims must fail.[1]

## II. Breach of Contract Claim

Defendant alleges that Plaintiff's breach of contract fails because she is not a party to the services contract between Sunbelt and Defendant and therefore lacks standing to bring a breach of contract claim. Again, Plaintiff did not address Defendant's argument at oral argument.

In her Complaint, and again at oral argument, Plaintiff referenced a contract that she signed for a year for the position with Defendant. The contract cited by Plaintiff is the Assignment Confirmation contract between Sunbelt and herself that Plaintiff attached to the Complaint. This is not a contract between Defendant and Plaintiff. The Assignment Confirmation contract between Plaintiff and Sunbelt does not allow Plaintiff to sue Defendant. Accordingly, Plaintiff's breach of contract claim must be dismissed for lack of standing.[2]

**CONCLUSION**

For these reasons, the Court grants Defendant's motion to dismiss with prejudice [20]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 3/26/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[1] Defendant also moves to dismiss Plaintiff's color discrimination claim for failure to exhaust administrative remedies as required by the EEOC. As the Court finds that Plaintiff's Title VII and ADEA claims fail as Defendant was not Plaintiff's employer, the Court does not need to address the merits of this argument.
[2] As all of Plaintiff's claims are dismissed, the Court will not address Defendant's punitive damages argument as Plaintiff's punitive damages request is moot